**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JENNIE MACKOR,

                                  Plaintiff,

               - v -                                           Civ. No. 1:16-CV-28
                                                                              (TJM/DJS)

THE CITY OF MECHANICVILLE, *et al.*,

                                  Defendants.
_____

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

On January 5, 2016, the Defendants removed this civil action from New York State Supreme Court, Saratoga County, to this District. Dkt. No. 1, Notice of Removal. Thereafter, the Court was informed by Plaintiff's state court counsel, Kurt Mausert, Esq., that he no longer practiced in federal court and asked that the Court adjourn the Rule 16 Initial Conference in order to allow Plaintiff time to retain new counsel. Dkt. No. 6. That request was granted, and the Court directed that new counsel must appear in the action on or before February 26, 2016. Dkt. No. 7. On February 25, 2016, Attorney Mausert informed the Court of his continuing attempts to secure counsel and sought another thirty days to assist Ms. Mackor in that effort. Dkt. No. 8. That request was granted and the Court allowed for thirty more days in order for Plaintiff to secure new counsel. Dkt. No. 9.

On June 23, 2016, having heard nothing from Ms. Mackor directly, and having been informed by Attorney Mausert that the efforts to secure new counsel proved unsuccessful, the Court scheduled an in-person conference with Plaintiff and Defendants' counsel. Dkt. Nos. 11 & 12. On July 8, 2016, the Court held a telephone conference wherein only Defendants' counsel appeared. A discussion ensued, on the record, regarding Ms. Mackor's current whereabouts as it was believed

that she may be living in Florida with her father. The Court was thereafter advised by Defendants' counsel that Ms. Mackor's last known address is 3922 Glen Ridge Circle, Merritt Island, Florida 32953.

Initially, because of representation issues, this action was inert from the moment it was removed to this Court in January 2016. The Court has extended several courtesies for Plaintiff in order to obtain representation. Yet, this action has remained at a standstill and without notification from Plaintiff as to her current whereabouts, it simply cannot proceed. In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).

Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany Cnty. Corr. Facility Staff*, 1996 WL 172699.

Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).[1] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

This action cannot remain idle on the Court's pending docket in perpetuity. Presently, the Court recognizes Ms. Mackor as proceeding in this Court *pro se*. In light of that *pro se* status, the Court will provide one final opportunity for her to obtain new counsel. In this regard, I will stay this matter for sixty days. However, notwithstanding this stay, Plaintiff must, **within thirty days of the filing date of this Order**, submit in writing her current address and phone number and confirm whether she intends to pursue this matter. If Plaintiff fails to submit the requested information, this

---

[1] The term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

matter will be presented to Judge McAvoy for dismissal based upon Mackor's failure to prosecute and failure to provide an updated address.

**WHEREFORE,** it is hereby

**ORDERED**, that this case is **STAYED** for sixty days to allow Plaintiff to find new counsel; and it is further

**ORDERED**, notwithstanding this stay, Ms. Mackor shall, within **THIRTY** days of the filing date of this Order, submit, **in writing**, her current address and telephone number to the Court as well as opposing counsel. Plaintiff shall also acknowledge whether she intends to prosecute this matter any further. **Plaintiff is warned that her failure to notify the Court and opposing counsel of her current whereabouts within thirty days of the filing date of this Order will result in this matter being presented to Judge McAvory for dismissal of the action**; and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order on Plaintiff, by certified mail, return receipt requested, at the addresses noted below:

| | | |
|---|---|---|
| 84 Fitch Road | AND | 3922 Glen Ridge Circle |
| Mechanicville, N.Y. 12118 | | Merritt Island, F.L. 32953 |

**IT IS SO ORDERED**.

Date: August 1, 2016
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge