**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────

**JENNIE MACKOR,**

        **Plaintiff,**

  vs.                                    **CIVIL NO. 1:16-CV-28**

**THE CITY OF MECHANICVILLE, *et al.*,**

        **Defendants.**

───────────────────────────────
**THOMAS J. McAVOY,
Senior United States District Judge**

### DECISION and ORDER

The Court has issued an Order requiring Plaintiff to show cause why the action should not be dismissed pursuant to Federal Rule of Civil Procedure Rule 4(m) and Northern District of New York Local Rule 41.2 for failure to effectuate proper service of a summons and complaint upon the remaining potential defendants,[1] "Jaclyn T. Lynch," and "any as of yet unnamed defendants of the Mechanicville Police Department." Dkt. # 19. Plaintiff has failed to respond to the motion in the required time period. Moreover, Plaintiff has failed to file proof that she effectuated service of a summons and complaint on the remaining potential defendants in the time period required by Federal Rule of Civil

---

[1] Plaintiff commenced an action entitled *Jennie Mackor v. City of Mechanicville, Mechanicville Police Department, Chief Joseph Waldron, Jaclyn T. Lynch, and as of yet unnamed defendants of the Mechanicville Police Department,* Index No. 2015-2652, in the New York State Supreme Court, County of Saratoga. *See* Notice of Removal, dkt. # 1. Defendants City of Mechanicville, Mechanicville Police Department, and Chief Joseph Waldron removed the action to this court, *id.*, answered, dkt. # 5, and then were dismissed from the action pursuant to a stipulation entered by these parties and ordered by the Court. *See* Stip. & Order, dkt. # 18. Thus, only "Jaclyn T. Lynch," and "as of yet unnamed defendants of the Mechanicville Police Department" remain as potential defendants.

1

Procedure Rule 4(m).

**Therefore**, all claims against "Jaclyn T. Lynch," and "any as of yet unnamed defendants of the Mechanicville Police Department" are **dismissed without prejudice** pursuant to Fed. R. Civ. P. 4(m)[2] and Local Rule 41.2(a)[3] for failure to prosecute.

Because these are the only remaining defendants in the action, the Court Clerk may enter judgment and close the file in this action.

**IT IS SO ORDERED.**

Dated: December 9, 2016

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[2]Fed. R. Civ. P. 4(m) provides in pertinent part:

**(m) Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

[3]Local Rule 41.2(a) provides in pertinent part:

(a) Each judge shall from time to time notice for hearing on a dismissal calendar such actions or proceedings assigned to that judge which appear not to have been diligently prosecuted. Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed. . . . If a party fails to respond as this Rule requires, the Court shall issue a written order dismissing the case for failure to prosecute or providing for sanctions or making other directives to the parties as justice requires.

2